UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SHEARA BONILLA,<br>   Plaintiff<br><br> v.<br><br>ELK GROVE VILLAGE,<br>   Defendant | No. 25 CV 1349<br><br>Judge Jeremy C. Daniel |

**ORDER**

The defendant's motion to dismiss [15] is denied. The defendant shall answer the complaint on or before July 30, 2025.

**STATEMENT**

The plaintiff, Sheara Bonilla, brings this two-count lawsuit against the defendant, Elk Grove Village ("Elk Grove"), pursuant to Title VII of the Civil Rights Act of 1964, Title 42 U.S.C. § 2000e *et seq*. She alleges that she was discriminated against based on her gender when Elk Grove failed to promote her (Count I), and that she was unlawfully retaliated against after she made complaints about the failure to promote (Count II). (R. 1.)[1] The relevant facts are these:[2] the plaintiff is a woman employed by Elk Grove Police Department; she has held the positions of patrol officer, Sergeant, and Commander. (*Id*. ¶¶ 8–9.)[3] In August 2022, "a vacancy opened at the rank of Deputy Chief." (*Id*. ¶ 14.) The plaintiff applied, (*id*. ¶ 15), but she alleges that her superior, Chief Walsh, prevented her promotion on the basis of her gender. Specifically, the plaintiff alleges that she was the only female of the four candidates for the open Deputy Chief role. (*Id*. ¶ 16.) A man was chosen for the role, despite the fact that he was "significantly less qualified for the promotion than [the plaintiff]." (*Id*. ¶ 19.) After she was denied the promotion, the plaintiff spoke with both Chief Walsh and Deputy Chief Burke about the refusal to promote her based on her gender. (*Id*. ¶¶ 20–21.) Chief Walsh "admitted to [the plaintiff] . . . that the police department was an 'old boys club,'" while Deputy Chief Burke said he was "'not going to say

---

[1] For ECF filings, the Court cites to the page number(s) set forth in the document's ECF header unless citing to a particular paragraph or other page designation is more appropriate.

[2] The description of events underlying the plaintiff's claims is drawn from the complaint and presumed true for the purpose of resolving this motion. *Vinich v. Vorwald*, 664 F.3d 206, 212 (7th Cir. 2011).

[3] The plaintiff has been Deputy Chief since July 8, 2024. (R. 1 ¶ 39.) The basis of this lawsuit is that the plaintiff was denied this position in violation of Title VII when she sought it in 2022. (*Id*. ¶ 14.)

anything.'" (*Id.*) The allegation that the police department is an "old boys club" is bolstered by several other allegations of misogynistic comments made by Chief Walsh during the plaintiff's employment, including the regular use of the word "bitch," comments about women's pregnancies, offers to "help" female detectives conceive, and "ma[king the plaintiff] read from a list of 'People Not to Sleep With'" while in a meeting with Deputy Chief Burke and two other Commanders. (*Id.* ¶¶ 10–13.)

The plaintiff also alleges that she was retaliated against after she made her complaints to Chief Walsh and Deputy Chief Burke. (*Id.* ¶ 23.) She claims that her health insurance was cancelled, even though she asked Human Resources not to do so. (*Id.* ¶ 24.) Further, when Elk Grove failed to investigate the plaintiff's allegations of discrimination, she filed another complaint with the Village Manager. (*Id.* ¶ 26.) After that, the retaliation "increased." (*Id.*) According to the plaintiff, Chief Walsh scrutinized what the plaintiff wore and her attendance at work to "serve as a basis for pretextual discipline." (*Id.* ¶¶ 27, 29.) The plaintiff also contends that, despite her complaints being confidential, Chief Walsh revealed to third parties that there was a complaint pending. (*Id.* ¶ 28.) The plaintiff further asserts that she was prevented from participating in a local high school's Government Day on behalf of the police department. (*Id.* ¶ 30.) Finally, the plaintiff claims that her merit salary increase was lowered as compared to her male colleagues, none of whom made any discrimination complaints. (*Id.* ¶¶ 33–34.)

The plaintiff received a right-to-sue letter from the Equal Employment Opportunity Commission on November 14, 2024 (R. 1-1),[4] and filed this lawsuit on February 7, 2025 (R. 1.) Elk Grove now moves to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). To defeat a Rule 12(b)(6) motion to dismiss, a plaintiff must state a claim to relief that is plausible on its face, *Bell Atl. Corp v. Twombly*, 550 U.S. 554, 570 (2007), and "raise a right to relief above the speculative level," *id.* at 555. However, plaintiffs are not required to "recite every detail related to their allegations." *Roldan v. Stroud*, 52 F.4th 335, 339 (7th Cir. 2022). The Court must accept all well-pled facts as true, viewing the facts in the light most favorable to the nonmovant. *Twombly*, 550 U.S. 555-56.

**Failure to Promote Based on Gender**

Elk Grove argues that the plaintiff failed to plausibly allege that the failure to promote her to Deputy Chief was based on her gender. (*See, e.g.*, R. 16 at 10.) Title VII prohibits discrimination by employers against employees "because of their 'race, color, religion, sex, or national origin.'" *Trahas v. Nw. Univ.*, 64 F.4th 842, 853 (7th Cir. 2023) (quoting 42 U.S.C. § 2000e-2(a)(1)). At the pleading stage of an employment discrimination case, plaintiffs are not required to allege a *prima facie* case of

---

[4] The letter is addressed to Sheara Garrison. In her complaint, the plaintiff notes that her surname was changed to Bonilla in July 2024.

discrimination. *Thomas v. JBS Green Bay, Inc.*, 120 F.4th 1335, 1338 (7th Cir. 2024) (citing *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 515 (2002)).[5] "But the plaintiff must plead that [s]he applied for the position, was qualified for it, and that the job went to someone else because of the plaintiff's protected characteristic." *Wilson v. Bd. of Trs. of Cmty. Coll. Dist. 508*, No. 20 C 4604, 2021 WL 1676601, at *3 (N.D. Ill. Apr. 28, 2021) (citing *Tamayo v. Blagojevich*, 526 F.3d 1074, 1084 (7th Cir. 2008)).

That is what the plaintiff did here. She alleged that she is a member of a protected class; she is a female peace officer for Elk Grove. (R. 1 ¶ 5, 9); *see also Gonsalves v. Dart*, 2019 WL 932020, at *3 (N.D. Ill. Feb. 26, 2019) ("It is without dispute that females are a protected class under Title VII[.]"). The plaintiff applied for the role of Deputy Chief, a role for which she was qualified. (R. 1 ¶¶ 14–15, 19.) She was not promoted into the role; it instead went to a male Commander who was less qualified for the position. (*Id.* ¶¶ 18–19, 39.) And the plaintiff also alleged that she met with Chief Walsh "to complain that she was denied the promotion because of her gender." (*Id.* ¶ 20.) In that conversation, it is alleged that Chief Walsh "admitted to [the plaintiff] . . . that the police department was an 'old boys club' but declined to investigate or remedy the discrimination." (*Id.*) Viewing this allegation in the light most favorable to the plaintiff, this suggests that she was denied the promotion because she, as a woman, was not part of the "old boys club." These allegations are sufficient to state a claim for failure to promote based on gender. Therefore, the motion to dismiss on this basis is denied.

**Retaliation**

Elk Grove also asserts that the plaintiff has failed to plead facts to support her claim of retaliation. (R. 16 at 12.) "To plead a Title VII retaliation claim, a plaintiff must (though she need not use the specific terms) allege that she engaged in statutorily protected activity and was subjected to adverse employment action as a result of that activity." *Huri v. Off. of the Chief Judge of the Cir. Ct. of Cook Cnty.*, 804 F.3d 826, 833 (7th Cir. 2015). An "adverse employment action" in the retaliation context means "an employer's action that would dissuade a reasonable worker from participating in protected activity." *Id.* Further, "[p]rotected activity under Title VII includes a formal or informal discrimination complaint to a supervisor," *Winters v. Soo Line. R.R.*, No. 21 C 4702, 2024 WL 3275398, at *5 (N.D. Ill. July 2, 2024) (citations and quotations omitted), so long as it "indicates discrimination based on a protected characteristic . . .," *id.* (citing *Miller v. Chi. Transit Auth.*, 20 F.4th 1148, 1152 (7th Cir. 2021)).

---

[5] Throughout their briefing, both parties discuss disparate treatment versus disparate impact claims. (*See generally* R. 16; R. 21; R. 22.) But whether the plaintiff can make out a disparate treatment or disparate impact case is a question of evidentiary support, one not properly resolved at this stage. *See Livingston v. City of Chicago*, No. 16 C 10156, 2024 WL 245214, at *6 (N.D. Ill. Jan. 22, 2024) (discussing disparate treatment and impact claims at the summary judgment stage and the evidence needed to prove such claims).

Here, the plaintiff sufficiently pled a Title VII retaliation claim. The plaintiff complained to her superiors, Chief Walsh and Deputy Chief Burke, about the refusal to promote her based on gender. (R. 1 ¶¶ 20–21.) According to the complaint, the plaintiff raised the issue of gender in both conversations. (*Id.*) Her attempt to raise the issue internally is a protected activity. *See Winters*, 2024 WL 3275398, at *5. The plaintiff also filed a complaint of discrimination and failure to investigate with the Village Manager. (*Id.* ¶ 26.) This too was protected. As for whether the plaintiff was subjected to an adverse employment action, she alleges that her health insurance was cancelled; that Chief Walsh revealed to third parties that she had filed an EEOC complaint; that her attendance at work and wardrobe was scrutinized; that she was prevented from participating in events on behalf of the police department; and that her merit pay salary increase was in fact decreased, even when other "male supervisors whose performance did not exceed [the plaintiff's] but did not make complaints of sex-based discrimination or harassment received higher merit pay raises than [the plaintiff]." (*Id.* ¶ 24–25, 27–28, 30, 33–34.) Taken together, such purported actions "would certainly cause a reasonable worker to think twice about complaining about discrimination—that's all it takes in the retaliation context." *Huri*, 804 F.3d at 833 (citations omitted). Therefore, the motion to dismiss on this basis is denied.

Date: July 9, 2025

JEREMY C. DANIEL
United States District Judge